STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Environmental Division Unit | Docket No. 150-12-15 Vtec |

| | |
|---|---|
| Martin & Skeer NOV | DECISION AND JUDGMENT ORDER |

This appeal concerns a notice of alleged zoning violation ("NOV") served upon property owner William Martin. The NOV alleges that the house on Mr. Martin's property, located at 182 Upper Main Street in Morristown, Vermont, is dilapidated, abandoned and in violation of Section 440 of the Town of Morristown Zoning Bylaws.

An appeal of that NOV was taken by or on behalf of Mr. Martin to the Town of Morristown/Morrisville Development Review Board ("DRB"). The DRB, by its Notice of Decision dated November 19, 2015, upheld the NOV as a proper determination of a zoning violation.

Mr. Martin <u>did not</u> appeal the DRB Decision to uphold the NOV. However, a business partner of Mr. Martin—Ken Skeer—filed an appeal in his own name. When the Court conducted its initial conference on the appeal, Mr. Skeer confirmed that he did not own any titled interest in the property and that Mr. Martin was the sole legal holder of title to the property. This fact was confirmed when the Town of Morristown Zoning Administrator—Todd Thomas—submitted a copy of the "Vermont Special Limited Warranty Deed" from the U.S. Bank National Association, as Grantor, to William T. Martin of Plymouth, Massachusetts, as the sole Grantee.

This matter is complicated by Mr. Skeer's representations that he is Mr. Martin's business partner in efforts to renovate the dilapidated building on the property and that Mr. Skeer has invested considerable time and resources into those efforts, without receiving assistance or an interest in the property from Mr. Martin.

Only parties who have standing as an "interested person," as statutorily defined, are permitted to appeal to this Court from municipal land use determinations that they wish to contest. 24 V.S.A § 4471(a). The term "interested person" is defined by 24 V.S.A. § 4465(b). While that definition uses the term "person owning title to property," there is no provision that would encompass an untitled equitable interest, such as Mr. Skeer may have in the subject property.

For these reasons, we must conclude that Mr. Skeer has no standing to prosecute this appeal. Since he is the only individual who has appeared in this matter, we are compelled to **DISMISS** the pending appeal.

As a consequence of this dismissal, the NOV is upheld and has become final.

Electronically signed on May 31, 2016 at Bennington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division